[No. 11944.    Department One. — December 9, 1889.]

IN THE MATTER OF THE INSOLVENCY OF GEORGE H. WOLFE.

INSOLVENCY — DISCHARGE WITHOUT NOTICE — STIPULATION — POSTPONE-MENT OF HEARING — OBJECTION BY CREDITORS — ORDER VACATING DISCHARGE. — When between the time of filing a petition for discharge in insolvency and the time fixed for hearing, a stipulation is entered into that the matter go off the calendar, to be reinstated and set for hearing upon stipulation or notice, and it is so ordered by the court, if the petitioner thereafter procures his discharge without notice, the court may, upon a showing by the creditors that they have grounds of opposition to the discharge, properly make an order vacating the discharge, provided the time for contesting the discharge had not expired when the stipulation was entered into, though it may have subsequently expired; and may make such order without regard to the binding character of the stipulation, as a mere matter of procedure in court. The petitioner could not act upon such stipulation by delaying his application after the time fixed for hearing and named in the notice to creditors, and come in afterwards, and procure an order for his discharge on a day for which no notice had been given.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating a discharge in insolvency.

The facts are stated in the opinion of the court.

*Daniel Titus*, for Appellant.

*Otto tum Suden*, and *W. R. Daingerfield*, for Respondent.

WORKS, J. — This is an appeal from an order vacating an order discharging the appellant in insolvency.

The appellant filed his petition for a discharge, and gave the necessary notice to creditors of the time set for hearing. The petition for discharge was filed February 15, 1886, and the time for hearing fixed for the 22d of March, 1886. Between the time of filing the petition and the time fixed for the hearing a stipulation was entered into to the effect that the matter go off of the calendar, to be reinstated and set for hearing upon stipula-

tion or by notice by the attorney for the petitioner, and it was so ordered by the court.

Without having the matter reset, or giving any notice, the petitioner came in, and on the seventeenth day of September following, procured an order for his discharge.

These facts were shown on the motion to vacate the order of discharge, and it was also shown that the petitioner had fraudulently omitted certain items of property from his inventory by reason of which it was claimed that he was not entitled to his discharge. As to these charges of fraud, there was evidence on the part of the petitioner tending to show that the same were not true, but upon this point the evidence was conflicting. As to the other facts relied upon, they were not disputed. The court below correctly vacated the order of discharge.

To allow a petitioner in insolvency to put his creditors off their guard by such a stipulation as was made in this case, and then come in, without any notice of a renewal of his proceeding, and procure his discharge on a day not named in his original notice, would be to countenance a course that might result in gross fraud and injustice.

It is claimed by the appellant that his attorney could not bind him under section 383 of the Code of Civil Procedure, except by his agreement filed with the clerk, or entered upon the minutes of the court. But conceding this to be so in a mere matter of procedure in court, the stipulation appears by the record before us to have been in writing and filed, and if it were not, the petitioner could not act upon it by delaying his application until after the day fixed by the court for the hearing, and named in the notice, and come in afterward and procure an order for his discharge on a day for which no notice had been given.

It is also claimed that the time for filing objections to

the discharge had passed, and therefore the objecting creditor had no standing in court for any purpose. But the time for contesting the discharge had not expired when the stipulation was entered into. The objection may have been and probably was prevented by the making of the stipulation. If the notice provided for in the stipulation had been given, the creditors would have had an opportunity to come in and contest the discharge by filing the necessary specifications. They were deprived of this opportunity by the failure to give such notice.

Order affirmed.

Fox, J., and Paterson, J., concurred.